Timothy J. Murphy (State Bar No. 54200)
Jennifer K. Achtert (State Bar No. 197263)
FISHER & PHILLIPS LLP
One Embarcadero Center, Suite 2340
San Francisco, CA 94111-3712
Telephone: (415) 490-9000
Facsimile: (415) 490-9001

Attorneys for Defendants
MIRANT SERVICES, LLC,
LISA BATTLES, and MIKE MONTANY

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELISE F. DAL BIANCO,<br><br>                    Plaintiff,<br>v.<br><br>MIRANT SERVICES, LLC, LISA BATTLES, employee and agent of Mirant Services, LLC; MIKE MONTANY, employee and agent of Mirant Services, LLC; and Does 1-10, inclusive.<br><br>                    Defendants. | Case No.: C 10-01696 PJH<br><br>(San Francisco County Superior Court<br>Case No.: CGC 10-497342)<br><br>[~~PROPOSED~~] ORDER ON MOTION TO DISMISS<br><br>Date: June 9, 2010<br>Time: 9:00 a.m.<br>Hon. Phyllis J. Hamilton<br><br>Complaint Filed: March 2, 2010<br>Trial Date: None |

On June 9, 2010, at 9 a.m., in Courtroom 3 of this Court, the Honorable Phyllis J. Hamilton presiding, Defendants Lisa Battles and Mike Montany's Motion to Dismiss came on for hearing. Jennifer K. Achtert appeared on behalf of Defendants Lisa Battles and Mike Montany; there was no appearance on behalf of Plaintiff Elise F. Dal Bianco.

The Court, having considered Defendants' papers and arguments at the hearing, and no opposition having been filed or presented at hearing, rules as follows:

1.   The first cause of action for disability discrimination in violation of the California Fair Employment and Housing Act, Gov't Code §12900 et seq. ("FEHA"), fails to state facts sufficient to constitute a cause of action against Defendants Battles and Montany

because individual supervisors cannot be sued for discrimination under the FEHA. *Reno v. Baird*, 18 Cal.4th 640 (1998).

2. The second cause of action for wrongful termination in violation of public policy fails to state facts sufficient to constitute a cause of action against Defendants Battles and Montany because individual supervisors cannot be sued for wrongful discharge in violation of public policy. *Reno*, 18 Cal.4th at 663-664.

3. The third cause of action for violation of Labor Code sections 432.5 and 433 fails to state facts sufficient to constitute a cause of action against Defendants Battles and Montany because there are no allegations of an "agreement in writing." Labor C. § 432.5.

4. The third cause of action for violation of Labor Code sections 432.5 and 433 fails to state facts sufficient to constitute a cause of action against Defendant Battles and Montany because there are no allegations of an agreement "to any term or condition which is known by such employer, or agent, manager … to be prohibited by law." Labor C. § 432.5.

5. The third cause of action for violation of Labor Code sections 432.5 and 433 fails to state facts sufficient to constitute a cause of action against Defendant Battles and Montany because this cause of action may only be brought pursuant to Labor Code section 2699, and Plaintiff has not alleged exhaustion of this administrative remedy. Labor C. § 2699.

6. The fourth cause of action for breach of contract fails to state facts sufficient to constitute a cause of action against Defendants Battles and Montany because Plaintiff has not alleged the existence of any enforceable contract between Defendants and Plaintiff. *United Computer Sys., Inc. v. AT & T Corp.*, 298 F.3d 756, 761 (9th Cir. 2002).

Accordingly, defendants Lisa Battles and Mike Montany's motion to dismiss is GRANTED as to all four causes of action, without leave to amend, as plaintiff has not articulated any additional facts that might be alleged to cure the deficiencies noted.

IT IS SO ORDERED

Dated: 6/10/10

Hon. Phyllis J. Hamilton
UNITED STATES DISTRICT JUDGE